ADRIAN SHIN (256960)
(sue.shin@corsair.com)
Corsair Gaming, Inc.
47100 Bayside Parkway
Fremont, CA 94538
Telephone:   (510) 657-8747
Facsimile:   (510) 657-8748

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BATTERY CONSERVATION INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CORSAIR GAMING, INC.,<br><br>Defendant. | Case No.  4:21-cv-07322-JST<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>Date: January 6, 2022<br>Time: 2:00 p.m.<br>Place: N.D.Cal. Dist. Ct. Oakland |

### NOTICE OF MOTION AND MOTION

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 6, 2022, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 6, 2nd Floor of the United States District Court for Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, the Honorable Judge Jon S. Tigar presiding, Defendant Corsair Gaming, Inc. will, and hereby does, move the Court to dismiss Plaintiff's Complaint filed on September 20, 2021 (Docket No. 1).

Plaintiff's Complaint should be dismissed because its threadbare allegations fail to provide any plausible supporting facts.

This Motion is made under Federal Rule of Civil Procedure 12(b)(6), on the grounds that the claims asserted by Plaintiff fail to state a claim upon which relief may be granted, and, alternatively, under Federal Rule of Civil Procedure 12(e), as an insufficient, vague and ambiguous pleading.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, all pleadings, papers and other documentary materials in the Court's files for this action, those matters of which this Court may or must take judicial notice of, and such other matters that this Court may consider.

# I.

# FACTUAL BACKGROUND

Plaintiff filed its Complaint on September 20, 2021, alleging that Defendant's Dark Core RGB Pro SE Wireless Gaming Mouse product (the "Accused Product") infringes its Patent No. 9,239,158 (the "'158 patent"). In general terms, the '158 patent covers a flashlight with a motion sensor and a controller that interrupts the flow of power by decoupling the flashight from the batteries if the sensor stops sensing motion of the flashlight for a predetermined period of time.

# II.

# LEGAL STANDARD

**A.    Motions to Dismiss under Fed. R. Civ. P. 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim (1) for lack of a cognizable legal claim for relief, or (2) for failure to allege facts sufficient to show plausible entitlement to relief under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007).

A complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id*. at 570. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009). Rather, the allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*

*v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Motions Under Fed. R. Civ. P. 12(e)

Under Federal Rule of Civil Procedure 12(e), a plaintiff can be ordered to provide a more definite statement when a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. As further discussed below, Plaintiff's complaint provides only vague statements concerning the alleged infringement by the accused device, providing no reasonable guidance for Defendant's response.

## III.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Motion to Dismiss/ Motion for More Definite Statement**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Applying this standard, a court first accepts all well-pleaded facts in the complaint as true and then asks whether those facts state a plausible claim for relief. *Id*. at 679. Mere allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth. *Id.* at 678. A claim must be dismissed for failure to state a claim (1) for lack of a cognizable legal claim for relief, or (2) for failure to allege facts sufficient to show plausible entitlement to relief under a cognizable legal theory. *Bell Atl.*, 550 U.S. at 556.

Here, the Complaint makes mere legal conclusionary statements that the Accused Product infringes the '158 patent. It provides absolutely no factual basis for its legal conclusions and makes statements that are both unsupported on their face as well as false.

Moreover, an accused device must include all elements of an independent claim in order to be found to infringe. However, a superficial examination of the Accused Product shows immediately that the device lacks multiple elements of each and every claim of the '158 patent.

For example, exemplary claim 1 of the '158 patent reads as follows:

1. A flashlight comprising:

    a body including an opening for accessing an interior of the body;

    at least one battery disposed in the body and configured for powering the flashlight;

    a controller disposed in the body configured to determine if the body is in motion, wherein if the body is not in motion for a first predetermined period of time, the controller decouples the at least one battery from the flashlight to conserve energy in the at least one battery; and

    a visual indicator disposed on an exterior surface of the body, wherein the controller activates the visual indicator.

As an initial matter, the Accused Product is a computer mouse, not a flashlight. As the '158 patent states, "[f]lashlights are well known in the art," and it cannot be disputed that flashlights are used for the purpose of illumination where there is insufficient light. The Accused Product, however, cannot and does not provide illumination to correct for insufficient light. Indeed, the minimal light source within the Accused Product is made intentionally weak so as to only indicate whether the mouse is turned on or off. Minimally illuminating indicator lights are commonly used in electronic devices to communicate whether the device is turned on or off. In distinct contrast with flashlights, such power indicator lights are intentionally designed to emit a minimum amount of light because brighter light would be distracting and disruptive. Such minimal light as used in the Accused Product thus cannot, like the claimed flashlight, provide illumination where there is insufficient light.

This is further supported by the statement in the Abstract that "[o]ptionally, the flashlight may include a visual or audible indicator to alert a user that the flashlight will shutdown [sic]." *See id.*, Abstract. The option of including a power indicator, visual or audible, indicates that the claimed flashlight itself cannot be a power indicator. Accordingly, the power indicator light in the Accused Product cannot be a flashlight.

Further, the '158 patent claims to address the problem of the loss of illumination function from "[l]eaving the flashlight on for long periods of time [which] drains the battery, often resulting in a 'dead' or unusable flashlight upon the next attempted use." *See* '158 patent, column 1, lines 32-34. By contrast, the Accused Product is perfectly capable of functioning without its minimally

illuminating power indicator light. Should the light source stop functioning, it would only be rendered incapable of indicating whether the Accused Product is turned on, and the Accused Product would still function as a mouse. The loss of the power indicator light does not render the Accused Product "dead" or "unusable." Even if it could be argued that the loss of the power indicator light could constitute a loss of illuminating function (as opposed to the mouse function), as already discussed, the power indicator light is incapable of providing illuminating function in the first place, because its minimally illuminating light cannot be a flashlight.

Next, the Accused Product contains no "opening for accessing the interior of the body," as required by every independent claim of the '158 patent. *See id.*, claims 1, 9 and 15. The claimed access to the interior allows the user to change the batteries when they have lost their charge, as in a typical flashlight. By contrast, the Accused Product is entirely sealed, with no opening for access to the interior. The only possible way to access the interior requires completely disassembling the case of the device, as depicted in the image used by Plaintiff in the Complaint. Complaint at 4, 5. And, once the interior of the Accused Product is thereby accessed, the Accused Product cannot be reassembled back to its original form. Further, disassembling the Accused Product in this manner would damage the internal electronics and components, and thus run the risk of rendering the Accused Product incapable of any function at all, whether as a mouse or in displaying its minimally illuminating power indicator light. In fact, the battery of the Accused Product cannot be replaced once it is removed, because the removal of the battery also removes the wiring. Thus, the actual process of accessing the interior in the Accused Product would render the Accused Product "dead" or "unusable." This surely cannot be what is being claimed by the '158 patent. *Compare* '158 patent, column 1, lines 32-34.

This is consistent with the design of the Accused Product, in which the only reason to access the interior would be to safely dispose of the battery, in compliance with the rules and regulations governing the disposal and recycling of electronic goods. Indeed, the language accompanying the image used by Plaintiff in the Complaint states that "[t]his product uses a rechargeable battery and safety guidelines must be followed in the event that the product is disabled for disposal and recycling." Complaint at 4, 5. Accordingly, if the rechargeable battery or any other component of the Accused

Product wears out, no replacement of such battery or component is available, no repair is possible, and the device is discarded. By contrast, the claimed flashlight, presumably, is not rendered useless and discarded when a battery dies, but rather, in the claimed invention, a flashlight battery may be replaced any number of times.

The Accused Product also lacks a battery "configured for powering the flashlight." While the '158 patent provides no explanation as to what "configured for" might mean, the Accused Product is not a flashlight, as already discussed.

Next, the controller in the Accused Product is not "configured to determine if the body is not in motion." The controller in the Accused Product does not detect the absence of motion, but rather detects changes in the images on the surface below the Accused Product while the Accused Product is being moved on said surface.

The Accused Product also does not "decouple[s] the at least one battery from the flashlight to conserve energy in the at least one battery." The Accused Product goes into sleep mode by changing to a lower power state, and not by decoupling the battery; all cells of the battery in the Accused Product remain coupled/ connected in the device at all times.

Accordingly, the Complaint contains no allegation of any basis or facts upon which the Court can deduce or adduce any plausibility of entitlement to relief as required by *Iqbal* and *Twombly,* supra. For all the reasons discussed above, and not least for the elementary point that the Accused Product is not and in no way functions as a flashlight, it is blatantly clear that the Plaintiff failed in its Rule 11 duty to reasonably investigate the claim of infringement and has instead filed this lawsuit without any regard to whether the Accused Product actually includes the elements of any claim of the '158 patent. Under the aforementioned facts and caselaw, the Complaint fails to state facts sufficient to state a claim of action. Indeed, it states no true facts relevant to the issue of infringement. Accordingly, it must be dismissed. In the alternative, Plaintiff should be required to provide a more definite statement showing where the elements of a claim of the '158 patent are found in the Accused Product.

## **CONCLUSION**

The Complaint consists of mere unsupported legal conclusions and misleading and false statements of fact, providing no plausibility of entitlement to relief. Accordingly, under *Iqbal* and *Twombly*, the Complaint must be dismissed, or at a minimum Plaintiff must be required to provide a more definite statement.

Dated:  November 29, 2021            */s/ Adrian Shin*

ADRIAN SHIN (256960)
(sue.shin@corsair.com)
Corsair Gaming, Inc.
47100 Bayside Parkway
Fremont, CA 94538
Telephone:   (510) 657-8747
Facsimile:    (510) 657-8748

*Attorney for Defendant Corsair Gaming, Inc.*