STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

JAY JOHNSON *(Admitted Pro Hac Vice)*
1910 Pacific Avenue, Suite 13000
Dallas, TX 75201
Phone: 214-451-0164
Fax: 214-451-0165
Email: jay@kjpllc.com

*Attorney(s) for Battery Conservation Innovations, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BATTERY CONSERVATION INNOVATIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CORSAIR GAMING, INC.,**<br><br>Defendant. | CASE NO.: 4:21-cv-07322-JST<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: March 10, 2022<br>Time: 2:00 p.m.<br>Place: N.D.Cal. Dist. Ct. Oakland |

**TO THE HON. JON S. TIGAR, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF CALIFORNIA:**

## **TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................1

II. LEGAL STANDARDS......................................................................................2

III. PLAINTIFF'S COMPAINT MEETS THE PLEADINGS
STARDARDS.....................................................................................................3

    A. Defendant's Arguments are Based on an Erroneous Assumption
that the Asserted Patent is limited to "Flashlights"..........................3

    B. Defendant's Arguments are Premature Non-Infringement
Arguments ..........................................................................................5

IV. CONCLUSION ...................................................................................................6

## **CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................... 1,2,3,5,6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................... 1,2,5,6

*Conley v. Gibson*,
    355 U.S. 41 (1957) .....................................................................................................2

*Erickson v. Pardus*,
    551 U.S. 89 (2007)..................................................................................................2,5

*Guidry v. Am. Pub. Life Ins. Co.*,
    512 F.3d 177 (5th Cir. 2007) ..................................................................................2,5

*Kulwicki v. Dawson,*
    *969 F.2d 1454 (3d Cir. 1992)* ....................................................................................3

*Malleus v. George,*
    *641 F.3d 560 (3d Cir. 2011)* ......................................................................................3

## **RULES**

Fed. R. Civ. P. 8(a)(2)........................................................................................................2

Plaintiff herein responds to Defendant Corsair Gaming, Inc.'s ("Defendant" and/or "Corsair") Motion to Dismiss Complaint, or in the Alternative, For a More Definite Statement and Points and Authorities In Support Thereof ("Motion") [Doc. 16]. For at least the reasons provide below, Defendant's Motion should be denied.

## I.

## **INTRODUCTION**

Defendant's Motion attempts to characterize the Complaint as not meeting the *Twombly/Iqbal* pleading standards. Yet, the Complaint more than adequately places Defendant on notice of the accusations against it.

Defendant's argument is that certain elements of Claim 1 are missing from the accused device. First, the asserted '158 Patent is by no means limited to Claim 1. More specifically, the Complaint (Exh. A) specifically references Claim 15 as an example infringed claim. Second, due to its erroneous reliance on Claim 1, Defendant's argument is almost entirely based on a flawed assumption that the allegations are against a "flashlight." Specifically asserted Claim 15, however, nowhere mentions a "flashlight." Rather, Claim 15 is directed to a "battery-conserving electronic device." Third, any remaining arguments as to other claim elements are (1) based on a reliance on Claim 1 (which was not specifically asserted in the Complaint); (2) premature in that the arguments are non-infringement arguments and not arguments that there is no specific and plausible infringement allegation; and/or (3) premature in that the referenced claim elements at least require claim construction.

The Complaint states a plausible claim for infringement by specifically identifying Defendant's infringing product(s) and alleging that they perform the same function as Plaintiff's patented invention. There is nothing inaccurate about any of the allegations in the Complaint. The Complaint goes far beyond a bare assertion of infringement and sets forth specific factual allegations supporting Plaintiff's infringement claims as to each element of an example claim (Claim 15). These allegations are based on Plaintiff's preliminary claim chart (Exh. B).

Defendant has wholly failed to point to a single claim element that has not been properly alleged in the Complaint. For at least the foregoing reasons and as further detailed below, when the allegations are viewed in a light most favorable to the Plaintiff, Defendant's Motion should be denied.

## II.
## LEGAL STANDARDS

Defendant's Motion raises the issues of the pleading standards for patent cases and whether it is procedurally appropriate at this time.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. . . .'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see* also FED. R. CIV. P. 8(a)(2). The Court should "draw on its judicial experience and common sense" in deciding whether a claim for relief has been pleaded that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678 (internal quotations omitted).  The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  Thus, the Court determines whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be

accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). The inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus*, 641 F.3d at 563.

### III.

### PLAINTIFF'S COMPLAINT MEETS THE PLEADING STANDARDS

Defendant's sole argument for dismissal is that the Complaint does not meet the pleading standards of *Towmbly/Iqbal* for its only count – that Defendant infringes the '158 Patent. The Complaint, however, not only meets the pleading standards but goes beyond what is required.

**A.  Defendant's Arguments are Based on an Erroneous Assumption that the Asserted Patent is limited to "Flashlights"**

Plaintiff's Complaint alleges a single count - that Defendant infringes U.S Patent No. 9,239,158 (the " '158 Patent"). The Complaint adequately informs Defendant of the allegation and puts Defendant on notice not only of the accused product(s), but also of the specific facts supporting the allegation.

Defendant argues that the pleading standards are not met because the accused device does not include certain elements of Claim 1. However, Claim 1 is not specifically referenced in the Complaint (Exh. A). Rather, the Complaint provides Claim 15 as an example infringed Claim. Nowhere in its Motion does Defendant even address Claim 15.

The flawed basis for its Motion first results in Defendant arguing that the accused device is not a "flashlight." This is irrelevant. Specifically asserted Claim 15 is directed to a "battery-conserving electronic device" – not a "flashlight." It is certainly plausible that the accused device is a "battery-conserving electronic device." *See*

Complaint, para. 16-17. Moreover, Defendant admits that the accused device "goes into sleep mode," which indicates that it is a battery-conserving electronic device. *See* Motion, at 6.

Defendant references three additional claim elements that are supposedly missing from the accused device:

(1) "configured for powering the flashlight;"

(2) "configured to determine if the body is not in motion;" and

(3) "decouple[s] the at least one battery from the flashlight to conserve energy in the at least one battery"

The first and third of these additional claim elements is apparently based on the erroneously-assumed "flashlight" requirement. Regarding the second of these additional elements, Defendant's own argument indicates that the claim element is met. Defendant states that the accused device "detects changes in the images on the surface below the Accused Product while the Accused Product is being moved on said surface." Motion, at 6. This clearly indicates that the accused device determines whether the body is in motion. And, likewise, if the accused device does not detect images that indicated movement, then it follows that the device has determined that it is not in motion. Moreover, as already stated elsewhere, Defendant admits that the accused device can go into "sleep mode." Motion, at 6. This is a clear indication that the device can likewise detect a state of "no motion" as a requirement for entering "sleep mode."

The Complaint states a plausible claim for infringement by specifically identifying Defendant's infringing product(s) and alleging that they perform the same function as Plaintiff's patented invention. There is nothing inaccurate about any of the allegations in the Complaint. The Complaint is based on Plaintiff's preliminary claim chart, which specifically sets forth infringement allegations as to each and every element of example Claim 15. *See* Exh. B. The Complaint incorporates virtually all of the comparisons that the preliminary claim chart makes between Claim 15 and the accused device. As such, the Complaint goes far beyond a bare assertion of

infringement and sets forth specific factual allegations supporting Plaintiff's infringement claims. Therefore, Defendant's motion should be denied.

**B.     Defendant's Arguments are Premature Non-Infringement Arguments**

Besides the flawed "flashlight" basis, Defendant's arguments are nothing more than non-infringement arguments and are at least premature, if not completely wrong. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations omitted). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Thus, the Court determines whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Plaintiff's complaint provides a factual basis for alleging that the accused device meets every element of specifically-asserted Claim 15 of the '158 Patent. Moreover, the Complaint, which is based on Plaintiff's preliminary claim chart, provides a factual basis for every alleged element by way of publicly available information about the accused device. As such, every one of Plaintiff's allegations must be taken as true.

The Complaint details infringement of Claim 15 of the '158 Patent. Defendant's counter (besides being erroneously based on a "flashlight" claim) does nothing more than argue that claim elements are missing. Arguments supporting infringement or non-infringement are issues for litigation and are not to be decided at the Rule 12(b)(6) stage.

Further, many of Defendant's non-infringement arguments are based on Defendant's assumption of what a particular claim element means. It is well-

established that the Court should hold a claim construction hearing to determine the meaning of various claim elements where the meaning is disputed or in doubt. As such, Defendant's arguments are similarly premature in that they should not be considered until at least after a claim construction hearing.

Defendant not only errs in basing its arguments on a "flashlight" claim, but is also apparently trying to use the pleading standards in a Rule 12(b)(6) motion to prematurely fight issues of infringement and claim construction.

## IV.
## CONCLUSION

Plaintiff's Complaint more than meets the *Twombly/Iqbal* pleading standards. Defendant's assertions regarding the Complaint, especially when viewed in a light most favorable to Plaintiff, are simply wrong. The Complaint makes a single count of infringement. It identifies the elements and bases for this claim. It contains no conclusory allegations. And, the infringement allegation of infringement is sufficiently supported by factual allegations. For at least the foregoing reasons, Defendant's Motion should be denied.

Dated: January 26, 2022.     Respectfully submitted,

*/s/Jay Johnson*
**JAY JOHNSON** *(Admitted Pro Hac Vice)*
1910 Pacific Avenue, Suite 13000
Dallas, TX 75201
Phone: 214-451-0164
Fax: 214-451-0165
Email: jay@kjpllc.com

Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

***Attorney(s) for Plaintiff***

### CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, the foregoing document was served on all counsel of record via electronic transmittal delivery (email).

*/s/Jay Johnson*
**Jay Johnson** *(Admitted Pro Hac Vice)*