ADRIAN SHIN (256960)
(sue.shin@corsair.com)
Corsair Gaming, Inc.
47100 Bayside Parkway
Fremont, CA 94538
Telephone: (510) 657-8747
Facsimile: (510) 657-8748

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BATTERY CONSERVATION INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CORSAIR GAMING, INC.,<br><br>Defendant. | Case No. 4:21-cv-07322-JST<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>Date: January 6, 2022<br>Time: 2:00 p.m.<br>Place: N.D.Cal. Dist. Ct. Oakland |

Defendant Corsair Memory, Inc. ("Defendant") submits this reply brief in support of its motion to dismiss Plaintiff Battery Conservation Innovations, LLC's ("Plaintiff's") complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and alternatively, for Plaintiff to provide a more definitive statement under Rule 12(e).

**INTRODUCTION**

An accused device must include all elements of an independent claim in order to be found to infringe. Plaintiff fails to address Defendant's arguments that the accused product lacks multiple limitations, thereby leaving undisputed that those limitations are not infringed. Because

Plaintiff does not dispute these bases for Defendant's motion, neither Plaintiff's Complaint nor its opposition to Defendant's motion maintain any relevant factual issues. Accordingly, Defendant's motion for dismiss for failure to state a claim under Rule 12(b)(6) should be granted.

## ARGUMENT

### I. PLAINTIFF DOES NOT ADDRESS THE FAILURE TO SHOW ALL LIMITATIONS IN THE ACCUSED PRODUCT

Plaintiff fails to address Defendant's arguments regarding the lack of multiple limitations of the asserted Patent No. 9,239,158 ("the '158 patent") in Defendant's Dark Core RGB Pro SE Wireless Gaming Mouse product (the "Accused Product"). Plaintiff specifically addresses only the following limitations:

(1) "configured for powering the flashlight;"

(2) "configured to determine if the body is not in motion;" and

(3) "decouple[s] the at least one battery from the flashlight to conserve energy in the at least one battery"

(Opp'n. at 7.) However, Plaintiff declines to address the lack of an "opening for accessing the interior of the body," which is found in every independent claim of the '158 patent, including Claim 15.

Plaintiff seemingly disposes of the first and third limitations above simply on the basis that they include the word "flashlight," arguing that Claim 15 does not include the word. In doing so, Plaintiff concedes that it is asserting only Claim 15 of the '158 patent. (Opp'n. at 3.) However, Plaintiff also ignores Defendant's arguments that the Accused Product" does not "decouple[s] the at least one battery," which limitation is indeed found in Claim 15.[1] Plaintiff thereby fails to counter all of Defendant's arguments regarding the limitations from Claim 15 that are missing from the Accused Product.

Specifically as to "decouple[s] the at least one battery," Defendant has previously explained that "[t]he Accused Product goes into sleep mode by changing to a lower power state, and not by decoupling the battery; all cells of the battery in the Accused Product remain coupled/ connected in

---

[1] In fact, Claim 15 is identical to Claim 1 except for the replacement of "flashlight" with "battery-conserving electronic device." (Compl. Ex. A at 7-8.)

the device at all times." (MTD at 6.) Plaintiff does not even attempt to address this argument. Instead, Plaintiff misleadingly transposes Defendant's use of the phrase "sleep mode" to allege that Defendant admits to the second limitation, "configured to determine if the body is not in motion." (Opp'n. at 4.) Plaintiff does not, however, contradict Defendant's argument that the battery in the Accused Device is never decoupled from the device.

Indeed, Plaintiff fails to provide any factual basis for its allegation that the Accused Product "decouple[s] the at least one battery." The Complaint only even mentions the limitation in a <u>single</u> sentence:

> "If the device is not in motion for a first predetermined period of time, the controller decouples the at least one battery from the electronic device to conserve energy in the at least one battery. Certain aspects of these elements are illustrated in the screen shots below and/or in screenshots provided in connection with other allegations herein."

However, none of the illustrations provided, including the one directly cited, show any decoupling of any battery. This mere conclusory statement cannot provide any factual basis to "allow[s] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (Opp'n at 5, quoting *Iqbal*, at 678), even when "[t]he Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant." (*Id., citing Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)). Thus, even when viewed in a light most favorable to Plaintiff, there is no dispute that Defendant does not infringe "decouple[s] the at least one battery."

Similarly, Plaintiff fails to address the lack of an "opening for accessing the interior of the body," as required by every independent claim of the '158 patent, including Claim 15. (Compl. Ex. A, claims 1, 9 and 15.) As already explained in Defendant's motion, the Accused Product is entirely sealed, with no opening for access to the interior. (MTD at 5.) The only possible way to access the interior would require completely disassembling the case of the device, which disassembly would damage the internal electronics and components. (*Id.*) As already explained, the battery of the Accused Product cannot be replaced, because disassembling the case of the device will have removed the wiring. (*Id.*) After accessing the interior, the Accused Product cannot be reassembled back to its original form; and because the internal electronics and components are damaged, it is no longer functional. (*Id.*) The actual process of accessing the interior in the Accused Product thereby itself

renders the Accused Product useless, which is surely not what is being claimed by the '158 patent. (*Id*.) Plaintiff addresses none of these arguments in its opposition.

Next, the controller in the Accused Product is not "configured to determine if the body is not in motion." As already explained in Defendant's motion, the controller in the Accused Product detects <u>changes in the images</u> on the surface below the Accused Product while it is being moved, not the absence of motion. Plaintiff fails to address that this is the exact opposite of the limitation of "determin[ing] if the body is **not in motion**," merely arguing that "[t]his is a clear indication that the device can likewise detect a state of "no motion" as a requirement for entering "sleep mode." (Opp'n. at 4.) Defendant's only reference regarding "sleep mode" was to explain that "the Accused Product goes into sleep mode by changing to a lower power state, and not by decoupling the battery." (MTD. at 6.) However, Plaintiff does not explain how "sleep mode" is equivalent to "no motion."

## **CONCLUSION**

Plaintiff fails to counter all of Defendant's arguments regarding multiple limitations that are missing from the Accused Products, and leaves no factual bases for dispute as to such limitations. Because Plaintiff fails to make the requisite minimal showing that all limitations of Claim 15 are present in the Accused Product, Plaintiff is left without any factual basis that Defendant infringes the single asserted claim of the '158 patent. Defendants thus respectfully reiterates its request that the Court dismiss for failure to state a claim under Rule 12(b)(6), or in the alternative, require that the Plaintiff provide a more definitive statement.

Dated: February 9, 2022

/s/ Adrian Shin

ADRIAN SHIN (256960)
(sue.shin@corsair.com)
Corsair Gaming, Inc.
47100 Bayside Parkway
Fremont, CA 94538
Telephone:   (510) 657-8747
Facsimile:   (510) 657-8748

*Attorney for Defendant Corsair Gaming, Inc.*