STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

JAY JOHNSON
*(Pro Hac Vice Application Forthcoming)*
1910 Pacific Avenue, Suite 13000
Dallas, TX 75201
Phone: 214-451-0164
Fax: 214-451-0165
Email: jay@kjpllc.com

*Attorney(s) for Battery Conservation Innovations, LLC*

ADRIAN SHIN (256960)
(sue.shin@corsair.com)
Corsair Gaming, Inc.
47100 Bayside Parkway
Fremont, CA 94538
Telephone:   (510) 657-8747
Facsimile:   (510) 657-8748

*Attorney for Defendant Corsair Gaming, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BATTERY CONSERVATION INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CORSAIR GAMING, INC.,**<br><br>**Defendant.** | **CASE NO.: 3:21-cv-07322-JST**<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: Tuesday, January 11, 2022<br>Time: 2:00 p.m.<br>Court: 6, 2nd Floor Oakland<br>Judge: Hon. Jon S. Tigar<br><br>**COMPLAINT FILED: September 20, 2021** |

Plaintiff Battery Conservation Innovations, LLC ("Battery") and Defendant Corsair Gaming, Inc. jointly submit this AMENDED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.**      **Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Subject matter jurisdiction over the claims and counterclaims is based on 28 U.S.C. §§ 1331, 1338(a). There are no disputes over personal jurisdiction or venue. All parties have been served.

**2.**      **Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

On September 20, 2021, Plaintiff filed its Complaint against Defendant Corsair Gaming, Inc. ("Defendant") alleging infringement of U.S. Patent No. 9,239,158 ("'158 patent").

**3.**      **Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff's Position:

Principle legal issues are expected to be the following: Whether Defendant infringes one or more of the asserted claims and what damages Plaintiff is entitled to assuming it establishes infringement of one or more claims.  There are no specific disputes this time as to applicable law.

Defendant's Position:

Principle legal issues are expected to be the following:  Whether the '158 patent is valid and enforceable and whether Defendant infringes any valid and enforceable claim of the '158 patent.

**4.**      **Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

Defendant filed a motion to dismiss on November 29, 2021; Plaintiff filed its opposition on January 26, 2022, and the Defendant filed its reply on February 9, 2022.

5.      **Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

      Plaintiff's Position:

      There are no amendments planned at this time.

      Defendant's Position:

      Defendant does not believe there is any reason to deviate from the Federal Rules of Civil Procedure or Local Rules applicable to amending the pleadings.

6.      **Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"),and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

      The parties hereby certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.  Each party shall take reasonable affirmative steps to continue to preserve evidence related to the issues presented by the action.

7.      **Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

      The parties held a Rule 26(f) conference on December 21, 2021.  Plaintiff and Defendant exchanged their initial disclosures on January 24, 2022 and February 2, 2022, respectively.

**8.**     <u>**Discovery**</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken or initiated to date. The parties anticipate discovery on the subject of infringement, damages, invalidity, and other affirmative defenses. The parties shall meet and confer on any proposed limitations and/ or any modification of the discovery rules.

The parties further intend to stipulate to an E-Discovery Order based on the Model ESI Order for Patent Litigation, and a Protective Order based on the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

**9.**     <u>**Class Actions**</u>

*If a class action, a proposal for how and when the class will be certified.*

This is not a class action suit.

**10.**     <u>**Related Cases**</u>

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are currently no cases pending before another judge of this court, or before another or administrative body.

*11.*     <u>**Relief**</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

<u>Plaintiff's Position:</u>

Plaintiff asserts that it is entitled to damages.

<u>Defendant's Position:</u>

Defendant does not believe Plaintiff is entitled to any relief.

**12.    Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have been actively involved in settlement discussions but have not been able to reach agreement at this time.  The parties participated in a mediation session on March 18, 2022  with the court-appointed mediator, Bijal Vikal, but were unable to reach agreement at that time.  The parties anticipate further settlement discussions and propose the instant updated proposed schedule in order to accommodate for same.

**13.    Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*      ____ YES    [X] NO

No. Plaintiff declines to proceed before magistrate.

**14.    Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not presently believe that this matter should be referred to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**15.    Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties intend to evaluate and work together to expedite the presentation of evidence at trial, but have no proposals at this time for narrowing issues and do not believe that bifurcation of this case is warranted at this time.

**16.** **Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties have discussed the Expedited Trial Procedure of General Order Number 64, Attachment A, and do not believe this case is appropriate for handling under that procedure.

**17.** **Scheduling**

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose the following competing case schedules.

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Plaintiff to Serve Patent Infringement Contentions pursuant to Patent L.R. 3-1 and 3-2 | 1/25/2022 | 1/25/2022 |
| Last Day to File Motions to Add New Parties or Amend Pleadings | 1/21/2022 | 1/21/2022 |
| Defendants to Serve Patent Invalidity Contentions pursuant to Patent L.R. 3-3 and 3-4 | 4/18/2022 | 4/18/2022 |
| Exchange of Proposed Terms for Construction pursuant to Patent L.R. 4-1 | 5/2/2022 | 5/2/2022 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2 | 5/9/2022 | 5/9/2022 |
| Plaintiff to Serve Damages Contentions pursuant to Patent L.R. 3.8 | 5/23/2022 | 5/23/2022 |
| Joint Claim Construction and Prehearing Statement due pursuant to Patent L.R. 4-3 | 5/31/2022 | 5/31/2022 |
| Defendants to serve Responsive Damages Contentions pursuant to Patent L.R. 3-9 | 6/21/2022 | 6/21/2022 |
| Date to Complete Claim Construction Discovery | 7/1/2022 | 7/1/2022 |

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| pursuant to Patent L.R. 4-4 | | |
| Plaintiff's Opening Claim Construction Brief due pursuant to Patent L.R. 4-5(a) | 7/18/2022 | 7/18/2022 |
| Defendants' Responsive Claim Construction Brief due pursuant to Patent L.R. 4-5(b) | 8/1/2022 | 8/1/2022 |
| Plaintiff's Reply Claim Construction Brief due pursuant to Patent L.R. 4-5(c) | 8/8/2022 | 8/8/2022 |
| Markman Hearing | At the convenience of the Court | |
| Advice of Counsel Disclosures Pursuant to Patent L.R. 3-7 | 30 days after Court's service of its Claim Construction Order | |
| Expert Testimony List Exchange | 9/15/2022 | None |
| Last day to Complete Fact Discovery | 10/17/2022 | 1/16/2023 |
| Designation of Experts and Exchange of Opening Expert Reports | 10/17/2022 | 2/6/2023 |
| Rebuttal Expert Reports | 10/31/2022 | 3/6/2023 |
| Reply Expert Reports | 11/10/2022 | None |
| Expert Discovery Cutoff | 11/17/2022 | 3/27/2023 |
| Last Day to File Dispositive Motions | 12/1/2022 | 4/10/2023 |
| Dispositive Motion Hearing Deadline | December 2022, subject to the Court's availability | June 2023, subject to the Court's availability |
| Last Day to Meet and Confer re Pre-Trial Conference Statement | 12/1/2022 | 7/14/2023 |
| Joint  Pre-Trial Conference Statement | 12/14/2022 | 8/4/2023 |
| Objections | 12/21/2022 | 8/14/2023 |
| Pre-Trial Conference | December 2022/January 2023, subject to the Court's availability | 8/24/2023 |

AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Trial | December 2022/January 2023, subject to the Court's availability | September 2023, subject to the Court's availability |

**18.    Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The parties request a jury trial with an expected length of five (5) days.

**19.  Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff's Position:

On September 20, 2021, Plaintiff filed its Corporate Disclosure Statement [Doc. 4], the contents of which are restated below:

Pursuant to Civil L.R. 3-15, Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Battery Conservation Innovations, LLC, a private non-governmental property, certifies that the names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the plaintiff's outcome in the case are below:

Patent Asset Management, LLC

Defendant's Position:

On December 23, 2021, Plaintiff filed its Corporate Disclosure Statement [Doc. 22], the contents of which are restated below:

1   Pursuant to Civil L.R. 3-15, Defendant certifies that there are no interested parties with any direct or
2   indirect interest in the outcome of this case with regards to Defendant.

3   **20.  Professional Conduct**

4   *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct*
5   *for the Northern District of California.*

6       All attorneys of record have reviewed the Guidelines for Professional Conduct for the
7   Northern District of California.

8   **21.  Other**

9   *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

10       Defendant believes that a  protective order will be necessary due to confidential business
11   information that may need to be exchanged in this action.  In addition to addressing the treatment
12   of confidential business information, Defendant anticipates that this order will address issues related
13   to inadvertently produced privileged information.

15   Dated: April 12, 2022              */s/Stephen M. Lobbin*
                                        STEPHEN M. LOBBIN
16                                      sml@smlavvocati.com
                                        SML AVVOCATI P.C.
17                                      888 Prospect Street, Suite 200
                                        San Diego, California 92037
18                                      (949) 636-1391 (Phone)

19
                                        JAY JOHNSON *(Pro Hac Vice Application*
20                                      *Forthcoming)*
                                        1910 Pacific Avenue, Suite 13000
21                                      Dallas, TX 75201
                                        Phone: 214-451-0164
22                                      Fax: 214-451-0165
                                        Email: jay@kjpllc.com
23
24                                      *Attorneys for Plaintiff Battery Conservation, Inc.*

1

2

Dated: April 12, 2022                    */s/Adrian Shin*

3
                                         ADRIAN SHIN (256960)
4                                        (sue.shin@corsair.com)
                                         Corsair Gaming, Inc.
5                                        47100 Bayside Parkway
                                         Fremont, CA 94538
6                                        Telephone:    (510) 657-8747
                                         Facsimile:    (510) 657-8748
7                                        Email:  sue.shin@corsair.com

8                                        *Attorney for Defendant Corsair Gaming, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

## **[PROPOSED] CASE MANAGEMENT ORDER**

The above AMENDED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:_____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

1

## <u>CERTIFICATE OF SERVICE</u>

2

3
    I hereby certify that on April 14, 2022, I electronically filed the above document(s) with the
Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered
counsel.

4

5
                                                        */s/Adrian Shin*
                                                        **Adrian Shin**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER